## SOININEN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.   March 13, 1922.)

No. 3599.

Criminal law ⬯1159(2)—Conviction held not reversible for insufficiency of evidence.

Where there was no error of law, and sufficient evidence to warrant submission of the case to the jury, a judgment of conviction will not be reversed.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Criminal prosecution by the United States against Juho Soininen. Judgment of conviction, and defendant brings error. Affirmed.

Thomas Mannix, of Portland, Or., for plaintiff in error.

Lester W. Humphreys, U. S. Atty., and John C. Veatch, Asst. U. S. Atty., both of Portland, Or.

Before ROSS, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge.   Defendant below, a native of Finland, was convicted of perjury under section 125 of the Penal Code (Comp. St. § 10295) for having falsely subscribed a written declaration of intention to become a citizen of the United States before a deputy clerk of the circuit court of Oregon for Multnomah county.   In the declaration defendant swore that he resided at 42 Vermont street, Portland, Or., and that it was his intention in good faith to become a citizen of the United States and permanently to reside therein.   It was charged that at the time of taking the oath defendant did not reside at the place stated, and did not intend to become a citizen of the United States or permanently to reside therein, but intended to return to his native country, Finland, and there permanently to reside.

The main argument raises the single question of the sufficiency of the evidence.   Counsel says that defendant had no knowledge of the English language, and could neither read, speak, nor understand it, and was ignorant of the existence of the statement that he intended in good faith to become a citizen of the United States and permanently to reside therein.   The evidence of the government was that defendant had lived in the United States 10 years; that he first applied for citizenship in 1911 at Astoria, Or., but allowed the application to expire in March, 1918; that about March 28, 1918, he wanted to make another application at Astoria, but the deputy clerk refused to permit him.   The deputy clerk at Astoria testified that the defendant said he was going to take out a fishing license on his declaration of intention, and that it was his intention to go back to the old country after the fishing season.   The defendant thereafter went to Portland, Or., where he filed a declaration of intention to become a citizen.   The deputy clerk at Portland testified that, while he could not specially remember defendant, yet his practice was to conduct a sort of preliminary ex-

amination in English when applicants appeared before him, and to read to them their declarations, so that they would understand the descriptions therein, and that he read to each applicant the statement as to his intention in good faith to become a citizen and to reside permanently in this country, and that he never allowed an interpreter to aid an applicant. It is in evidence that in September, 1918, defendant surrendered his declaration at Portland, although it appears that afterwards he applied for a fishing licence, which was issued to him in March, 1919.

It is also in evidence that defendant had some understanding of the English language, clearly enough to submit to the jury the question whether or not he understood the contents of the papers he signed when he made his application to become a citizen of the United States, and whether or not he intended to swear falsely in the premises. The verdict determined the issues of fact, and, as there is no error at law, the judgment is affirmed.

Affirmed.